IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARICIO A. MARTINEZ | * | |
|       Petitioner, | | |
|     v. | * | CIVIL ACTION NO. RWT-07-265 |
| DEPARTMENT OF HOMELAND SECURITY | * | |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT | * | |
|       Respondents. | * | |
| | *** | |

**MEMORANDUM OPINION**

This counseled 28 U.S.C. § 2241 Petition for habeas corpus relief was filed on January 26, 2007. The Petition seeks a review of the final order of removal issued by an Immigration Judge ("IJ") at a Master Calendar hearing in July, 2006. According to the Petition, Mr. Martinez was ordered removed in absentia and was taken into custody by the Department of Homeland Security, Immigration and Customs Enforcement on January 21, 2007. He is currently detained at the Wicomico County Detention Center in Salisbury, Maryland.

Petitioner claims that he changed his address and did not receive notice of the Master Calendar hearing. He states that had he been aware of the proceeding he would have appeared and requested a cancellation of removal. Petitioner presents various equitable grounds for detention release and for re-opening his removal proceeding, arguing that: (1) he is not a flight risk; (2) his family would experience severe economic hardship if he were detained for a substantial time and is not allowed to contest his removability; and (3) he has been physically present in the United States for a continuous period of not less than ten years, is of good moral character, and has not been convicted of a criminal offense.

Due to Petitioner's detention at a local Maryland jail, this Court has personal jurisdiction over the Petitioner.  This Court, however, lacks subject matter jurisdiction, and therefore shall dismiss the Petition without prejudice.

On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005).  Included within this far-reaching legislation is the Real ID Act of 2005 or "RIDA."  Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

> [N]otwithstanding . . . section 2241 of title 28, United States Code, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act. . . . For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651[.]

8 U.S.C. § 1252(a)(5).

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal.  *See Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Alvarez-Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006); *see also Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (9th Cir. 2006) (RIDA restores circuit court jurisdiction to review constitutional claims or questions of law).  RIDA undoubtedly divests this Court of subject matter jurisdiction to review a challenge to the IJ decision to remove Petitioner.  Thus, to the extent Petitioner is raising a due process challenge to his deportation, this Court is precluded from exercising jurisdiction over his Petition.

Accordingly, the matter shall be dismissed without prejudice. This Court shall neither stay Petitioner's removal nor reopen his immigration proceedings.[1]  A separate Order follows.


Date: 2/8/07                                              /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Petitioner wishes to reopen his Immigration Court proceeding, he may file the appropriate motion pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii).